IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-02080-LTB-PAC

JOHN P. MORALLY, and
JOHN P. MORALLY LIVING TRUST,

       Plaintiffs,

v.

MARABELLA PARTNERS, LLC., and
ANNETTE B. PARDINI,

       Defendants.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss **[Doc #8]** filed by Defendants, Marbella Partners, LLC and Annette B. Pardini, seeking to dismiss the complaint filed against them by Plaintiffs, John P. Morally and John P. Morally Living Trust, for: 1) lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); and 2) failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Oral arguments would not materially assist me in the determination of this motion. After consideration of the motion, the related pleadings and the case file, I GRANT IN PART AND DENY IN PART Defendants' motion for the following reasons.

*I. Background*

In the verified complaint, Plaintiffs allege as follows. In 2002, Defendant Pardini formed Defendant Marbella Partners, a limited liability company. In 2004, Pardini approached Plaintiff

John P. Morally, her brother, about joining Marbella Partners. Pardini and Morally agreed to an arrangement whereby Pardini would contribute 45.9 acres of real property to Marbella Partners, and Morally (via Plaintiff John P. Morally Living Trust) would contribute money in order to develop the real property into a residential subdivision. Plaintiffs assert that "profits were to be split 50/50 after all capital contributions were returned to" Morally and Pardini as the two members of Marbella Partners.

The complaint alleges that the parties negotiated an Operating Agreement in May 2004 which apparently was never signed. After that point, they took steps to develop the real property, such as filing a plat application and grading the property, in anticipation of development. Morally made capital contributions, by paying the related bills, which total in excess of $116,000. The complaint further alleges that, in October 2005, "Pardini informed [Morally] that she is now denying that Morally is a member of Marbella Partners, denying that she is bound by the Operating Agreement, and stating that she intends to cause Marbella Partners to sell the Real Property without paying to Morally his 50% share of the profits."

As a result, Plaintiffs filed this complaint seeking declaratory relief – specifically, a declaration determining that Morally is a 50% member of Marbella Partners and that the relations between him and Pardini regarding the real property are governed by the Operating Agreement – as well as breach of contract, breach of fiduciary duty, constructive trust, receivership, unjust enrichment, and equitable lien/foreclosure. This court's diversity jurisdiction is invoked and there is no dispute that the substantive law of Colorado applies. In response to Plaintiffs' complaint, Defendants filed this motion to dismiss.

*II. Subject Matter Jurisdiction - Fed. R. Civ. P. 12(b)(1)*

Defendants first assert that Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the basis that they lack standing to bring this suit and that this case is not ripe for adjudication.

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." *See Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). A motion to dismiss, under Fed. R. Civ. P. 12(b)(1), "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). As applicable here, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir.1995).

As an Article III court, my jurisdiction is limited by the Constitution to "cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). As such, I must determine whether the dispute, as framed by the parties, presents a justiciable controversy. *Morgan v. McCotter,* 365 F.3d 882, 887 (10th Cir. 2004). The primary concerns regarding justiciability focus on the twin questions of whether a plaintiff has standing to maintain this action and whether the case is ripe for judicial review. *Id.*

*III. Failure to State a Claim - Fed. R. Civ. P. 12(b)(6)*

Defendants also contend that Plaintiffs' complaint fails to state claims upon which relief can be granted. Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for

3

failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can plead no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A claim may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6); *Morey v. Miano*, 141 F. Supp.2d 1061, 1062 (D.N.M. 2001).

In evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *See Conley v. Gibson*, *supra*, 355 U.S. at 45-46. A plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

IV. Declaratory Relief Claim

A. *Subject Matter Jurisdiction - Fed. R. Civ. P. 12(b)(1) - Standing*

Defendants first assert that this court lacks subject matter jurisdiction over this case because Plaintiffs do not have standing to assert the claims alleged. "Foremost among the well-established elements of a justiciable controversy is the requirement that the plaintiff have standing to maintain the suit." *Morgan v. McCotter, supra*, 365 F.3d at 887 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Article III standing has three requirements:

> First, the plaintiff must suffer an injury in fact. An injury in fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical. A plaintiff must also demonstrate that the harm complained of is fairly traceable to defendant's conduct and that a favorable ruling from the court would redress plaintiff's injury.

*Morgan v. McCotter, supra*, 365 F.3d at 887-88 (citations omitted). "Thus, a main focus of the standing inquiry is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." *Id.*

Because Plaintiffs' claims are solely based on the alleged statement made by Pardini regarding her intention to sell the real property and her intent to refuse to pay Plaintiffs their share of the profits realized, Defendants contend that Plaintiffs cannot demonstrate an "injury in fact" until Defendants take some action in conformity with the alleged statement. They argue that "[a]t the most, the facts alleged lead to speculation regarding the possibility of future injury." As a result, they maintain that Plaintiffs lack standing and the case should be dismissed.

In response, Plaintiffs assert that it is not necessary for the harm to be fully realized before there is standing, citing *Essence, Inc. v. City of Federal Heights,* 285 F.3d 1272, 1280 (10th Cir. 2002). Plaintiffs also refer me to the Colorado's Uniform Declaratory Judgment Law, C.R.S. §§ 13-51-101, *et. seq.*, which provides "a remedy, in cases of actual controversy, for determining issues and adjudicating the legal rights, duties, or status of the respective parties, before controversies with regard thereto lead to the repudiation of obligations, the invasion of rights, and the commission of wrongs." *Ainsworth v. Colorado Ltd. Gaming Control Com'n,* 45 P.3d 768, 771-772 (Colo. App. 2001)(*quoting American Family Mutual Insurance Co. v. Bowser*, 779 P.2d 1376, 1380 (Colo. App. 1989)). Because the complaint alleges that Pardini informed Morally that she intends to sell the property and not pay Plaintiffs 50% of the profits thereof,

5

Plaintiffs argue that they have alleged an actual controversy for declaratory relief in that harm here is "imminent" and not "conjectural or hypothetical."

As an in initial matter, to the extent that Plaintiffs now contend that Pardini is currently selling and/or "actively marketing" the real property, such allegations are not contained in the complaint and, as such, are not relevant to my analysis. Nonetheless, I conclude that the complaint adequately alleges facts which confer standing in order to assert a claim seeking declaratory relief. Plaintiffs assert the existence of a partnership agreement between the parties, and that Pardini has indicated her intention to repudiate the terms of the alleged agreement. This case is precisely the type of matter that declaratory relief is designed for in that it would provide "early relief from uncertainty as to the future obligations for one who would normally be a defendant and who otherwise would not have his questions adjudicated until his adversary takes the initiative." *Ainsworth v. Colorado Ltd. Gaming Control Com'n, supra,* 45 P.3d at 772. While it is true that Plaintiffs have not alleged that Defendants have taken any specific action in accordance with Pardini's alleged repudiation, for the purposes of declaratory relief all that is required is that Pardini is denying their alleged interest in Marbella Partners. Therefore, I agree that the complaint adequately alleged an injury in fact to a legally protected or cognizable interest in order to establish standing to seek declaratory relief.

*B. Subject Matter Jurisdiction - Fed. R. Civ. P. 12(b)(1) - Ripeness*

Defendants also contend that this case is not ripe for judicial review based on basically the same argument; specifically, this case involves speculative, uncertain or contingent future events – namely the sale of the real property and the refusal to distribute the profits – that may or may not

occur.  The doctrine of ripeness recognizes that courts will not consider uncertain or contingent future matters because the injury is speculative and may never occur.  Thus, to be ripe, the issue must be "real, immediate, and fit for adjudication."  *DiCocco v. National General Ins. Co.*, ___ P.2d ___ , 2006 WL 1348476, at 2 (Colo. App. 2006).  "As a prudential doctrine, ripeness is in part an expression of the Court's inherent discretion when declaratory or injunctive relief is sought."  *Oklahoma Pub. Co. v. U.S.,* 515 F.Supp. 1255, 1258 (D.C. Okl. 1981).  "[T]he distinction between a justiciable actual controversy and a merely hypothetical dispute not yet ripe for decision is often less than obvious. The question becomes even more nettlesome in the context of an action seeking a declaratory judgment, since the purpose of the latter is to 'settle actual controversies before they ripen into violations of law or a breach of duty.'"  *Public Service Co. of New Mexico v. City of Albuquerque,* 755 F.Supp. 1494, 1496 (D.N.M. 1991)(*quoting United States v.Fisher-Otis Co., Inc.*, 496 F.2d 1146, 1151 (10th Cir. 1974)).  Whether or not a question is ripe for decision requires an examination of "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *ACORN v. Tulsa,* 835 F.2d 735, 739 (10th Cir.1987).

Here, the relief sought is "a declaration determining that [Morally] is a 50% member of Marbella Partners and that the relations between Morally and Pardini regarding the Real Property are governed by the Operating Agreement ...".  Such a determination is fit for judicial adjudication in that there is an alleged dispute as to the legal relationship between the parties and the terms, if any, that govern that relationship.  Although the manifestation of that dispute – the potential sale of the real property and related profit disbursement – has not yet been acted upon, the underlying legal challenge related to the parties' legal relationship is sufficiently justiciable to

warrant declaratory review. Moreover, due to the nature of a real estate sale, withholding court consideration here could lead to hardship to Plaintiffs if, in fact, Pardini acts in conformance with her statements as alleged.

The Colorado Supreme Court has recently reviewed the Colorado Uniform Declaratory Act in the context of an oral contract claim. It ruled that "a trial court may exercise its discretion to 'declare rights, status, and other legal relations,' [C.R.S.] §13-51-105, so long as the declaratory judgment would 'terminate the uncertainty or controversy,' [C.R.S.] §13-51-110." *Zab, Inc. v. Berenergy Corp.,* 136 P.3d. 252, 255 (Colo. 2006). As a result, the court determined that a trial court could declare the existence of an oral contract when such declaration would terminate controversy and remove uncertainty. *Id.* at 261 ("[d]eclaratory relief will serve the useful purpose of clarifying the parties rights, status, or legal relations, by establishing whether a contractual relationship exists"). Here, as in *Zab, Inc. v. Berenergy Corp.,* a declaratory judgment would serve to terminate the uncertainty or controversy concerning the nature of the parties' relationship and, as a result, is ripe for my review. Therefore, because I have determined that, under the facts alleged in the complaint, Plaintiffs have standing and that the relief sought is ripe for judicial review, I conclude that the declaratory relief claim is a justiciable controversy over which I have subject matter jurisdiction.

*C. Failure to State a Claim - Fed. R. Civ. P. 12(b)(6)*

Based on my conclusion that Plaintiffs' claim seeking declaratory relief constitutes a justiciable controversy, I reject Defendants' coinciding contention that Plaintiffs' declaratory relief cause of action should be dismissed for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), for

lack of an actual controversy. As a result, I conclude that Plaintiffs have stated a claim for declaratory relief (First Claim For Relief).

### V. Breach of Contract Claim

Defendants next assert that Plaintiffs' claim for breach of contract should be dismissed. In the complaint, Plaintiffs allege that the parties reached a meeting of the minds regarding the terms of their relationship, as evidenced by the unsigned Operating Agreement, and that Pardini breached that agreement. More specifically, the complaint alleges that "Pardini has anticipatorily repudiated the Operating Agreement by informing Morally that she will cause Marbella Partners to sell the Real Property and will not distribute to Morally 50% of the net profits."

*A. Subject Matter Jurisdiction Fed. R. Civ. P. 12(b)(1)*

Initially, I reject Defendants' argument to the extent that they assert that Plaintiffs' claim for breach fails for want of subject matter jurisdiction based on the contingent nature of the alleged breach. As discussed more fully below, Plaintiffs' claim is for anticipatory breach or repudiation which raises a justiciable controversy prior to a conventional or typical contract breach that results in related damages. *See generally Federal Sav. and Loan Ins. Corp. v. Oldenburg,* 671 F.Supp. 720, 725 (D. Utah 1987)(ruling that an actual controversy existed due to insurers' alleged anticipatory repudiation); 17A Am. Jur. *Contracts* § 716 (an essential prerequisite to the applicability of a anticipatory breach of contract claim is that the repudiation occur before performance is due).

*B. Failure to State a Claim Fed. R. Civ. P. 12(b)(6)*

As applicable here, an anticipatory breach or anticipatory repudiation "centers upon an overt communication of intention or an action which . . . demonstrates a clear determination not to continue with performance." *Albright v. McDermond*, 14 P.3d 318, 324 (Colo. 2000)(*quoting* C.R.S. § 4-2-610). "In order to constitute an anticipatory breach of contract there must be a definite and unequivocal manifestation of intention on the part of the repudiator that he [or she] will not render the promised performance when the time fixed for it in the contract arises." *Johnson v. Benson,* 725 P.2d 21, 25 (Colo. App. 1986)(*quoting* 4 A. Corbin, Contracts § 973 (1951)); *see also Lake Durango Water Co. v. Pub. Utils. Com'n,* 67 P.3d 12, 21 (Colo. 2003)(a repudiation of a contract must consist of a present, positive, unequivocal refusal to perform the contract, not a mere threat to abandon its obligations under the contract).

In their motion, Defendants first argue that Plaintiffs cannot prove anticipatory breach because there is no present, existing obligation to either sell the real property or disburse any profits therefrom. As such, Pardini's alleged denial of Plaintiffs' interest in Marbella Partnership, and her purported intent to sell the property and then not distribute the profits at some unknown point in the future, does not constitute anticipatory repudiation but, rather, is only a mere threat to abandon alleged contractual obligations. As a result, Defendants assert that Plaintiffs have not sustained any damages resulting from Pardini's alleged statement which is, at most, a statement regarding possible future action.

Defendants also maintain that the terms of the Operating Agreement do not support Plaintiffs' position that they are entitled to 50% of the net profits from any sale of the real property; rather, the Operating Agreement provides for a profit distribution in proportion to the capital account contribution. As a result, Pardini's alleged refusal to distribute 50% of the net

profits to Plaintiffs in the future cannot constitute an anticipatory repudiation of the unsigned Operating Agreement. Defendants characterize Pardini's alleged renunciation as a statement of disagreement as to the applicability and terms of the Operating Agreement, as opposed to an anticipatory repudiation.

While the facts may bear out Defendants' perception of the dispute, the issue here is whether Plaintiffs' complaint alleges facts that, when accepted as true and viewed in the light most favorable to Plaintiffs, are sufficient to support a legally cognizable claim for anticipatory breach. *See Johnson v. Benson, supra*, 725 P.2d at 25 (determinations of whether anticipatory repudiation or retraction have occurred are ordinarily questions of fact). Plaintiffs' allegation that Pardini informed Morally that she denies Plaintiffs' membership in Marabella Partners and, in turn, that she intends to not perform in conformance with the terms of the Operating Agreement, as interpreted by Plaintiffs, constitutes an overt communication of intention that demonstrates a clear determination not to continue with performance. *See Albright v. McDermond, supra*, 14 P.3d at 324. Contrary to Defendants' assertion, Pardini's statement – when taken as set forth in the complaint – does not constitute a "mere threat." *See generally Roussalis v. Wyoming Medical Center, Inc.*, 4 P.3d 209, 254 (Wyo. 2000)(usually a repudiation "statement must be sufficiently positive to be reasonably understood as meaning that the breach will actually occur . . . expressions of doubt as to its willingness or ability to perform do not constitute a repudiation") (*quoting* II E. Allan Farnsworth, Farnsworth on Contracts § 8.20, at 470 (1990)). As a result, I conclude that Plaintiffs have sufficiently stated a claim for breach based on anticipatory repudiation (Second Claim For Relief) pursuant to Fed. R. Civ. P. 12(b)(6).

### V.  Breach of Fiduciary Duty

Defendants next assert that Plaintiffs' claim for breach of fiduciary duty should be dismissed for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.  In order to recover on a claim for breach of fiduciary duty in Colorado, a plaintiff must prove:  1) that the defendant was acting as a fiduciary of the plaintiff; 2) that he or she breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages.  *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993)(*citing CJI-Civ.2d* 26:1 (1989)).  Plaintiffs' complaint avers generally that Pardini owed a fiduciary duty to Morally – presumably as co-members of Marabella Partners; that she breached that duty "by undertaking a course of action to cause Marbella Partners to sell the Real Property and not pay to Morally his 50% share of the profits;" and Plaintiffs have been damaged by the foregoing breach.

### A.  Subject Matter Jurisdiction Fed. R. Civ. P. 12(b)(1)

Plaintiffs' breach of fiduciary duty claim, as stated in the complaint, fails to present a justiciable controversy ripe for judicial review.  The basis for the fiduciary breach claim is that Pardini is going to act in conformance with her refusal to acknowledge Plaintiffs' interest, by selling the real property and refusing to distribute the profits to them.  I conclude that this claim, which is contingent on future events, is not ripe for judicial review.

Pardini's future action that would result in an alleged breach of her fiduciary duty to Plaintiffs is clearly an "uncertain or contingent future events that may not occur as anticipated, or

indeed may not occur at all," which results in a claim that has not "matured sufficiently to warrant judicial intervention." *Morgan v. McCotter, supra*, 365 F.3d at 890.   The complaint does not aver that Pardini has taken any steps to violate her alleged duty to Plaintiffs.  Contrary to Plaintiffs' assertion in their response brief, the complaint does not allege that Pardini is "now attempting to sell Marabella Partners' sole asset without account to Morally for his share of the profits."

Furthermore, in contrast to an anticipatory breach claim which is designed to address situations in which damages have not yet accrued based on a party's stated future action or inaction, Plaintiffs have not alleged damages for any act by Pardini.  I am not persuaded by Plaintiffs' unsupported assertion that their "expenditures in order to protect [their] position as a member of Marbella Partners" constitutes current damages sufficient to support a breach of fiduciary duty claim at this time.   As a result, I conclude that this matter is premature and not fit for judicial review, because any injury or resulting damage is speculative and may never occur. The facts alleged in the complaint in support the breach of fiduciary duty claim do not meet Plaintiffs' burden of establishing subject matter jurisdiction because such a claim is not ripe for judicial review.  *See generally Salt Lake Tribune Pub. Co., LLC v. Management Planning, Inc.*, 2005 WL 2739148,  (D.Utah  2005)(finding a breach of fiduciary duty claim not ripe based on that contingent nature of events alleged and the related inherent uncertainty in the damage allegations).  As a result, I must dismiss without prejudice Plaintiffs' breach of fiduciary duty cause of action (Third Claim For Relief), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

*VI. Unjust Enrichment Claim*

Plaintiffs also seeks equitable relief based on a claim for unjust enrichment. In Colorado, a plaintiff seeking recovery for unjust enrichment must prove that: (1) at the plaintiff's expense; (2) the defendant received a benefit; (3) under circumstances that would make it unjust for defendant to retain the benefit without paying. *Salzman v. Bachrach,* 996 P.2d 1263, 1265 - 1266 (Colo. 2000)(*citing DCB Constr. Co. v. Central City Dev. Co.,* 965 P.2d 115, 119-20 (Colo. 1998)). The complaint alleges that the real property at issue has been improved by the work paid for by Plaintiffs, that Marbella Partners received the benefit of those improvements, and these circumstances "make it unfair for Marbella Partners to retain those benefits without paying Morally for those contributions at the agreed upon compensation of 50% of the profits." It further alleges that "[i]n the event Marbella Partners does not distribute to Morally his 50% of the share of the profits from the sale and/or does not distribute to him his capital contributions, Marbella Partners will have been unjust enriched."

*A. Subject Matter Jurisdiction - Fed. R. Civ. P. 12(b)(1)*

I first note that, based on the allegations in the complaint, Plaintiffs have standing to bring an unjust enrichment claim and that such a claim is ripe for judicial review at this time. Plaintiffs' claim for unjust enrichment, made alternatively to their contract-based claims, and the related damages, is based on the matter as it now stands and the damages currently incurred. The damages sought are those that Plaintiffs have incurred to date to develop the property to the benefit of the Defendants. Therefore, Plaintiffs' claim seeking unjust enrichment damages adequately avers an injury in fact to a legally protected right, that the harm is traceable to

14

Defendants' conduct, and that a ruling would address the injury. In addition, the unjust enrichment claim is, at present, fit for adjudication. As such, under the facts alleged in the complaint, Plaintiffs have standing and the matter is ripe for judicial review. I conclude that Plaintiffs' claim for unjust enrichment is a justiciable controversy and should not be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

*B. Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)*

I next address, and reject, Defendants' argument that the complaint fails to state a claim for unjust enrichment because Plaintiffs have failed to allege any facts that show "circumstances that would make it unjust for Defendants to retain the benefit without paying."

First, I am not persuaded by Defendants' argument that unjust circumstances have not been alleged because they do not exist now, and that they may never exist. I likewise reject Defendants' assertion that unjust circumstances have not been averred because Plaintiffs have "not alleged that Defendants have refused to reimburse the cash John Morally invested after demand or that Defendant have refused to pay John Morally a reasonable return of the cash he invested." The allegations in the complaint are that the real property has been improved, at Plaintiffs' expense and to Marabella Partners' benefit. The current unjust circumstances alleged are the failure to distribute to Plaintiffs their capital contributions and their share of the profits. As a result, the complaint asserts sufficient facts, when they accepted as true and in the light most favorable to Plaintiffs, to support a cognizable unjust enrichment claim (Sixth Claim For Relief).

*VII. Constructive Trust & Equitable Lien Claims*

Finally, to the extent that Plaintiffs seek relief pursuant to claims for constructive trust and

equitable lien, such legal theories do not constitute a separate causes of action; rather, they are legal forms of equitable remedy.  An equitable lien "is neither a debt nor a right of property, but merely a remedy for a debt."  51 Am. Jur. 2d  *Liens*  §31 (2006).  "An equitable lien is a creature of equity, is based on the equitable doctrine of unjust enrichment, and is the right to have a fund or specific property applied to the payment of a particular debt."  *Leyden v. Citicorp Indus. Bank,* 782 P.2d 6, 9 (Colo. 1989).  An equitable lien that is imposed by a court of equity to prevent unjust enrichment is a special form of constructive trust.  *Id.* at 10.  *See also Unicure, Inc. v. Thurman,* 42 Colo. App. 241, 243, 599 P.2d 925, 927 (Colo. App. 1979)(defining an appropriate remedy for breach of a fiduciary duty as "the imposition of an equitable or constructive trust").  Therefore, I dismiss Plaintiffs' "claims" for constructive trust (Fourth Claim For Relief) and equitable lien/foreclosure (Seventh Claim For Relief) because they assert legal theories not cognizable as a matter of law.

### *VIII.  Receivership Claim*

In their response to Defendants' motion, Plaintiffs "agree" to dismiss the claim for appointment of a receiver (Fifth Claim For Relief) without prejudice.  Defendants have not objected in their reply briefing.  As such, I construe Plaintiffs' assertion as a voluntary notice of dismissal of this claim pursuant to Fed. R. Civ. P.  41(a)(1).

Accordingly, I GRANT IN PART AND DENY IN PART Defendants' Motion to Dismiss [**Doc #8**, **filed 12/06/05**], and ORDER as follows:

1) Plaintiffs' Claim for Breach of Fiduciary Duty (Third Claim for Relief) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1);

2) Plaintiffs' Claims for Constructive Trust (Fourth Claim for Relief) and Equitable Lien/Foreclosure (Seventh Claim for Relief) are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6);

3) Plaintiffs' Claim for Receivership (Fifth Claim for Relief) is DISMISSED WITHOUT PREJUDICE, upon Plaintiffs' notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1); and

4) Defendants' Motion to Dismiss as to Plaintiffs' claims for Declaratory Judgment (First Claim for Relief), Breach of Contract (Second Claim for Relief), and Unjust Enrichment (Sixth Claim for Relief), is DENIED.

Dated: July   18  , 2006 in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE